IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY LEE HARBUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:98cv490-MHT |
| KELLEY FOODS OF ALABAMA, ) | (WO) |
| INC., ) | |
| ) | |
| Defendant. ) | |

OPINION

Plaintiff Anthony Lee Harbuck brought this lawsuit against defendant Kelly Foods of Alabama, Inc., claiming that he was unlawfully terminated in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 through 12213.[1]  Harbuck has properly invoked the jurisdiction of the court pursuant to 28 U.S.C. §§ 1331,

---

1. Harbuck's original complaint, filed April 28, 1998, named five individual defendants.  On June 25, 1998, Harbuck filed an amended complaint, removing the individual defendants, leaving Kelly Foods as the sole remaining defendant.

1343 (a)(4) (federal-question), and 42 U.S.C. § 12117 (ADA).

This matter is currently before the court on Kelly Food's motion for summary judgment (renewed after the lifting of the stay in Harbuck's bankruptcy), arguing that Harbuck failed to file his lawsuit within the statutorily required 90 days of receipt of his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).[2]  As explained below, the motion will be granted.

## I.  STANDARDS

### A.

The regulatory deadlines applying to employees' suits against their employers under the ADA are not a

---

2.  Kelley Foods filed a motion to dismiss, which the court treated as a motion for summary judgment. Fed.R.Civ.P. 56.  This case was then stayed pending Harbuck's bankruptcy, and, after the bankruptcy stay was lifted, Kelley Foods renewed the motion.  (Kelley Foods contends, however, that Harbuck's attorney "misstated" that Harbuck was bankruptcy.  The court need not resolve whether there was a "misstatement.")

prerequisite to the district court's jurisdiction; rather, the 90-day limitation is similar to a statute of limitation.  Washington v. Ball, 890 F.2d 413, 414 (11th Cir. 1989) (citing Bates v. Tennessee Valley Authority, 851 F.2d 1366, 1368 (11th Cir. 1988)).  See also Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993).

This approach has two practical and procedural consequences.  First, failure to meet a filing deadline constitutes failure to state a claim under Fed.R.Civ.P. 12 (b)(6), rather than lack of subject-matter jurisdiction under Fed.R.Civ.P. 12 (b)(1).  Second, as with statutes of limitations in general, equitable tolling applies in certain instances to excuse failure to timely file.  Washington v. Ball, 890 F.2d at 414; Bates, 851 F.2d at 1368; Goldsmith, 996 F.2d at 1161.

B.

Fed.R.Civ.P. 56(c) provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."  Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing how the responsibilities on the movant and the non-movant vary depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or non-movant bears the burden of proof at trial).  In making its determination, the must view all evidence and any factual inferences in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. FACTUAL SUMMARY

Harbuck's hand was injured by his supervisor while working for Kelly Foods. He underwent several surgical operations: some fingers on one hand were amputated. He alleges that, subsequent to his injury, Kelly Foods embarked on a course of harassment, culminating in his termination, which, Harbuck contends, amounted to discrimination under the ADA.

The events, critical to the pending motion, are as follows chronologically:

<u>August 5, 1997</u>: Harbuck filed a charge (Charge I) with the EEOC, alleging that he had been terminated due to his disability.

<u>November 25</u>: The EEOC's investigator sent Harbuck a letter stating that, absent additional information provided within five days, a dismissal and notice of rights would be issued. While the letter did not state when the charge would be dismissed, it did state that the 90-day period in which to file a complaint in federal

district court would commence on the date stated in a right-to-sue letter.

**November 24**:  Harbuck filed a second charge (Charge II) with the EEOC.

**November 28**:  The EEOC mailed Harbuck a right-to-sue letter.  Harbuck claims he did not receive this letter.

**January 30, 1998**:  The EEOC sent Harbuck an "Administrative Decision," which noted that Charge II was a duplicate of Charge I; that, as to Charge I, the EEOC had issued a right-to-sue letter on November 28, 1997; and that Charge II was considered closed.  Harbuck admits receiving this document.

**April 28, 1998**:  Harbuck filed this lawsuit.

### III.  DISCUSSION

Kelly Foods contends that Harbuck's lawsuit is untimely filed, and that, where the date of receipt is uncertain, the court must presume that the right-to-sue letter was received within three days of posting.

To file an action under the ADA, an employee must first comply with the administrative filing requirements of 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(f)(1). Claims of discrimination under the ADA must be filed in district court within 90 days of receiving notice that the EEOC has terminated its investigation. Id. The 90-day period normally commences upon receipt of the right-to-sue notice. Norris v. Florida Dep't of Health and Rehabilitative Servs., 730 F.2d 682, 683 (11th Cir. 1984) (per curiam).

This case is squarely controlled by the recent decision of the Eleventh Circuit Court of Appeals in Kerr v. McDonald's Corp., 427 F.3d 947 (11th 2005). There, the appellate court explained that, while the "statutory notification is complete only upon actual receipt of the right to sue letter, ... [courts] do not employ a rule determining when a complainant has received notice of the right to sue. ... Rather, [courts] have imposed upon complainants some minimum responsibility ... for an

7

orderly and expeditious resolution of their claims, and ... have expressed concern over enabling complainants to enjoy a manipulable open-ended time extension which could render the statutory minimum meaningless." Id. at 952 (citations and quotation marks omitted). "[T]he 90-day limitations period is to be analyzed on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility ... without conditioning a claimant's right to sue ... on fortuitous circumstances or events beyond [his] control." Id. (citations and quotation remarks removed).

   Here, while Harbuck may not have received the right-to-sue letter dated November 28, 1997, there were two other instances that put him on firm notice that his 90-day period for filing suit had begun: (1) the EEOC letter, dated November 25, 1997, informing him that his case was being dismissed, and (2) the EEOC decision, dated January 30, 1998, expressly informing him of the

November 25 right-to-sue letter.  Harbuck was clearly aware, as early as November and December 1997, that he needed to file suit within 90 days, and he was definitely aware by January 30, 1998, that he needed to do so. However, Harbuck did not file suit until long after the 90 days had run not only for any November or December 1997 deadline, but also for the January 30, 1998, deadline.  See, e.g., Kerr, 427 F.3d at 954 (90-day limitations period for filing claim began to run within reasonable time after employees had actual knowledge that the EEOC had terminated its investigation of their claims).

Harbuck's lawsuit, therefore, was not filed within the required 90 days.

## IV.  CONCLUSION

For the foregoing reasons, the court finds that summary judgment should be granted in favor of Kelly Foods.

9

An appropriate judgment will be entered.

DONE, this the 29th day of March, 2006.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**